Michael J. Noland #82537
Rissa A. Stuart  - # 166459
Joshua J. Bettencourt - #240221
KAHN, SOARES & CONWAY, LLP
Attorneys at Law
219 North Douty Street
Hanford, California 93230
Telephone: (559) 584-3337
Facsimile: (559) 584-3348
Email:  mnoland@kschanford.com
Email:  rstuart@kschanford.com
Email:  jbettencourt@kschanford.com

Attorneys for:  Defendants/Counter Claimants, Terry Gonsalves,
Barbara G. Medico, Bennie M. Gonsalves and Delores M. Gonsalves

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Land O'Lakes, Inc.,<br><br>    Plaintiff<br><br>vs.<br><br>Terry Gonsalves, Barbara G. Medico, Bennie M. Gonsalves and Delores M. Gonsalves,<br><br>    Defendants. | Case No.  1:11-CV-02010-LJO-SMS<br><br>**ANSWER OF DEFENDANTS, TERRY GONSALVES, BARBARA G. MEDICO, BENNIE M. GONSALVES AND DELORES M. GONSALVES, TO PLAINTIFF'S COMPLAINT AND COUNTER CLAIM FOR DAMAGES FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF FIDUCIARY DUTIES, AND MISREPRESENTATION/FRAUD** |
| Terry Gonsalves, Barbara G. Medico, Bennie M. Gonsalves and Delores M. Gonsalves,<br><br>    Counter Claimants<br><br>vs.<br><br>Land O'Lakes, Inc.,<br><br>    Counter Defendant | **JURY TRIAL DEMANDED** |

1

Defendants, Terry Gonsalves, Barbara G. Medico, Bennie M. Gonsalves and Delores M. Gonsalves, answer the Verified Complaint of Plaintiff, Land O'Lakes, Inc., as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Answering paragraph 1 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and on that basis deny each and every allegation contained therein.

2.      Answering paragraph 2 of Plaintiff's Complaint, Defendants admit the allegations set forth therein.

3.      Answering paragraph 3 of Plaintiff's Complaint, Defendants admit the allegations set forth therein.

4.      Answering paragraph 4 of Plaintiff's Complaint, Defendants admit the allegations set forth therein.

5.      Answering paragraph 5 of Plaintiff's Complaint, Defendants admit the allegations set forth therein.

6.      Answering paragraph 6 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis deny said allegations.

7.      Answering paragraph 7 of the Complaint, Defendants admit venue is properly located in this court.

## FACTS COMMON TO ALL COUNTS

8.      Answering paragraph 8 of the Complaint, Defendants admit the allegations set forth therein.

9.      Answering paragraph 9 of the Complaint, Defendants admit Bennie M. Gonsalves

2

and Delores M. Gonsalves are a married couple and that they formerly and currently own and operate a dairy in Laton, California, which is managed by their son, Terry Gonsalves, and daughter, Barbara Medico.

10.    Answering paragraph 10 of the Complaint, Defendants admit the allegations set forth therein.

11.    Answering paragraph 11 of the Complaint, Defendants admit the allegations set forth therein.

12.    Answering paragraph 12 of the Complaint, Defendants admit the allegations set forth therein.

13.    Answering paragraph 13 of the Complaint, Defendants object to the extent it calls for a legal conclusion and the document speaks for itself.  Except as admitted herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation therein.

14.    Answering paragraph 14 of the Complaint, Defendants object on the grounds the June 1, 2009, Milk Marketing Agreement speaks for itself, and the allegations set forth in paragraph 14 are a legal conclusion.  Except as admitted herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation therein.

15.    Answering paragraph 15 of the Complaint, Defendants admit the allegation set forth therein.

16.    Answering paragraph 16 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation therein.

3

**ANSWER OF DEFENDANTS, TERRY GONSALVES, BARBARA G. MEDICO, BENNIE M. GONSALVES AND DELORES M. GONSALVES, TO PLAINTIFF'S COMPLAINT AND COUNTER CLAIM**

17. Answering paragraph 17 of the Complaint, Defendants object on the grounds it calls for a legal conclusion and the document speaks for itself. Except as admitted herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny each and every allegation therein.

18. Answering paragraph 18 of the Complaint, Defendants object to the extent it calls for a legal conclusion and the document speaks for itself. On these grounds, Defendants deny the allegations herein.

19. Answering paragraph 19 of the Complaint, Defendants admit that Terry Gonsalves signed the Forward Cheese Price Contract, a copy of which is attached as Exhibit "E" to the Complaint. Except as admitted herein, Defendants deny each and every allegation in paragraph 19.

20. Answering paragraph 20 of the Complaint, Defendants object to the extent it is a legal conclusion and the document speaks for itself. Without waiving these objections Defendants admit that Barbara Medico signed the document attached as Exhibit "F" to the Complaint. Except as admitted herein Defendants deny each and every allegation in paragraph 20.

21. Answering paragraph 21 of the Complaint, Defendants admit the allegations set forth therein.

22. Answering paragraph 22 of the Complaint, Defendants admit that beginning in or about September 2011, Terry Gonsalves and Barbara Medico were only delivering milk from their 50 cows located at the Dairy site to Land O'Lakes. Except as admitted herein, Defendants lack sufficient information or belief to admit or deny the allegations and on said grounds deny all remaining allegations in paragraph 22.

23. Answering paragraph 23 of the Complaint, Defendants admit meeting with Larry

4

**ANSWER OF DEFENDANTS, TERRY GONSALVES, BARBARA G. MEDICO, BENNIE M. GONSALVES AND DELORES M. GONSALVES, TO PLAINTIFF'S COMPLAINT AND COUNTER CLAIM**

Serpa in September 2011 related to production. Except as admitted herein, Defendants deny the allegations in paragraph 23 of the Complaint.

24.    Answering paragraph 24 of the Complaint, Defendants admit receipt of the letter attached to the Complaint as Exhibit "H."

25.    Answering paragraph 25 of the Complaint, Defendants continue to send milk from their 50 cows to Land O'Lakes. Except as admitted herein, Defendants deny the allegations in this paragraph.

26.    Answering paragraph 26 of the Complaint, Defendants deny each and every allegation set forth therein.

27.    Answering paragraph 27 of the Complaint, Defendants deny each and every allegation set forth therein.

28.    Answering paragraph 28 of the Complaint, Defendants deny each and every allegation set forth therein.

**COUNT I**
**BREACH OF CONTRACT**

Defendants restate all of the foregoing paragraphs of this Answer and further state and allege as follows:

29.    Answering paragraph 29 of the Complaint, Defendants object to the extent it calls for a legal conclusion and the documents speak for themselves and on said grounds Defendants deny the allegations herein.

30.    Answering paragraph 30 of the Complaint, Defendants deny each and every allegation set forth therein.

31.    Answering paragraph 31 of the Complaint, Defendants deny each and every

5

1 | allegation set forth therein.

2 |   32. Answering paragraph 32 of the Complaint, Defendants deny each and every

3 | allegation set forth therein.

4 |   33. Answering paragraph 33 of the Complaint, Defendants deny each and every

5 | allegation set forth therein.

6

**COUNT II**
**SPECIFIC PERFORMANCE**

7

8 |   Defendants restate all of the foregoing paragraphs of this Answer and further state and

9 | allege as follows:

10

11 |   34. Answering paragraph 34 of the Complaint, Defendants are without sufficient

12 | knowledge or information as to the truth of the allegations contained therein and on that basis deny

13 | each and every allegation set forth therein.

14 |   35. Answering paragraph 35 of the Complaint, Defendants object on the grounds it calls

15 | for a legal conclusion.  On that basis, Defendants are without sufficient knowledge or information

16

17 | as to the truth of the allegations contained therein and on that basis deny each and every allegation

18 | set forth therein.

19 |   36. Answering paragraph 36 of the Complaint, Defendants object on the grounds it calls

20 | for a legal conclusion.  On that basis, Defendants are without sufficient knowledge or information

21

22 | as to the truth of the allegations contained therein and on that basis deny each and every allegation

23 | set forth therein.

24 |   37. Answering paragraph 37 of the Complaint, Defendants deny each and every

25 | allegation set forth therein.

26 |   38. Answering paragraph 38 of the Complaint, Defendants deny each and every

27

28

6

**ANSWER OF DEFENDANTS, TERRY GONSALVES, BARBARA G. MEDICO, BENNIE M. GONSALVES AND DELORES M. GONSALVES, TO PLAINTIFF'S COMPLAINT AND COUNTER CLAIM**

allegation set forth therein.

39.    Answering paragraph 39 of the Complaint, Defendants deny each and every allegation set forth therein.

## COUNT III
## INJUNCTIVE RELIEF

Defendants restate all of the foregoing paragraphs of this Answer and further state and allege as follows:

40.    Answering paragraph 40 of the Complaint, Defendants deny each and every allegation set forth therein.

41.    Answering paragraph 41 of the Complaint, Defendants deny each and every allegation set forth therein.

42.    Answering paragraph 42 of the Complaint, Defendants deny each and every allegation set forth therein.

## COUNT IV
## TORTIOUS INTERFERENCE WITH CONTRACT

Defendants restate all of the foregoing paragraphs of this Answer and further state and allege as follows:

43.    Answering paragraph 43 of the Complaint, Defendants object to the extent it calls for a legal conclusion and the document speaks for itself.  Except as admitted herein, Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44.    Answering paragraph 44 of the Complaint, Defendants object to the extent it calls for a legal conclusion and the document speaks for itself.  Except as admitted herein, Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45.    Answering paragraph 45 of the Complaint, Defendants deny each and every

7

allegation set forth therein.

46.     Answering paragraph 46 of the Complaint, Defendants deny each and every allegation set forth therein.

47.     Answering paragraph 47 of the Complaint, Defendants deny each and every allegation set forth therein.

48.     Answering paragraph 48 of the Complaint, Defendants deny each and every allegation set forth therein.

<u>**AFFIRMATIVE DEFENSES APPLICABLE TO
ALL CAUSES OF ACTION ALLEGED AGAINST
THESE ANSWERING DEFENDANTS**</u>

By way of further answer and for their affirmative defenses, Defendants allege on information and belief, the following:

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

<u>(Failure to State a Claim)</u>

49.     Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a claim against Defendants.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

<u>(Failure to Perform)</u>

50.     As a separate and distinct affirmative defense to Plaintiff's Complaint, and each and every cause of action therein, Defendants allege that if any contract existed between Defendants and Plaintiff, which contract Defendants deny the existence of, Plaintiff failed to discharge their obligations and perform all conditions under that contract, barring Plaintiff's recovery.

8

## THIRD AFFIRMATIVE DEFENSE

### (Novation)

51.    As a separate and distinct affirmative defense, Plaintiff's Complaint, and each and every cause of action therein, is barred as Plaintiff and Defendants entered into a new obligation, extinguishing the obligations of the original contract, whereby Defendants owe nothing to Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

52.    As a separate and distinct affirmative defense to Plaintiff's Complaint, and each and every cause of action therein, Defendants allege that if Defendants failed to perform the obligation described in the Complaint, which Defendants deny, that failure resulted from Plaintiff's failure to perform as required by the terms of the contract, and that performance on Plaintiff's part was a condition precedent to the performance of Defendants' obligation.

## FIFTH AFFIRMATIVE DEFENSE

### (Satisfaction)

53.    As a separate and distinct affirmative defense to Plaintiff's Complaint, and each and every cause of action therein, Defendants allege that to the extent any obligation to pay Plaintiff existed, which Defendants deny, said obligation has been met and satisfied.

## SIXTH AFFIRMATIVE DEFENSE

### (Modification of Agreement)

54.    As a separate and distinct affirmative defense to Plaintiff's Complaint, and each and every cause of action therein, Defendants allege that any agreement to pay monies to Plaintiff, which may have existed between Plaintiff and Defendants, was modified in whole or in part by

9

subsequent agreement of the parties.

## SEVENTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

55.     As a separate and distinct affirmative defense to Plaintiff's Complaint, and each and every cause of action therein, Defendants allege the Plaintiff breached its obligations under the agreements and/or contracts entered into by and between the parties, if any, and further breached the covenant of good faith and fair dealing and Plaintiff is thereby estopped and barred from asserting any alleged breach by Defendants, if any, which Defendants deny.

## EIGHTH AFFIRMATIVE DEFENSE

### (Bad Faith)

56.     As a separate and distinct affirmative defense, Plaintiff's Complaint, and each and every cause of action therein, and Plaintiff's prayer for relief must be denied by reason of extreme bad faith by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (Offset)

57.     As a separate and distinct affirmative defense, Plaintiff's Complaint, and each and every cause of action therein, is barred as a result of offset between monies owed from Plaintiff to Defendants as a result of the various agreements entered into by and between the parties.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

58.     As a separate and distinct affirmative defense, Plaintiff's Complaint, and each and every cause of action therein, is barred as Plaintiff has failed and neglected to undertake reasonable efforts to mitigate and resolve any damages, if any, which these answering Defendants deny.

10

---

**ANSWER OF DEFENDANTS, TERRY GONSALVES, BARBARA G. MEDICO, BENNIE M. GONSALVES AND DELORES M. GONSALVES, TO PLAINTIFF'S COMPLAINT AND COUNTER CLAIM**

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Fault of Others)

59.     As a separate and distinct affirmative defense to Plaintiff's Complaint, and each and every cause of action therein, these answering Defendants are informed and believe and thereon allege that the injuries and damages complained of by Plaintiff, if any, were either wholly or in part, directly and proximately caused by the acts, omissions, and/or legal fault or default of persons or entities other than these answering Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Laches)

60.     Plaintiff's Complaint, and each and every cause of action therein, is barred by the equitable doctrine of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Waiver)

61.     As a separate and distinct affirmative defense, Plaintiff's Complaint, and each and every cause of action therein, is barred by the equitable doctrine of waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Equitable Estoppel)

62.     As a separate and distinct affirmative defense, Plaintiff's Complaint, and each and every cause of action therein, is barred by the equitable doctrine of estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

63.     As a separate and distinct affirmative defense, Plaintiff's Complaint, and each and every cause of action therein, is barred in whole or in part by Plaintiff's unclean hands, because

11

Plaintiff's conduct was fraudulent, illegal, despicable, and/or inequitable.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

64.     Plaintiff's Complaint, and each and every cause of action therein is barred by the applicable statutes of limitation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

65.     As a separate and distinct affirmative defense to Plaintiff's Complaint, and each and every cause of action therein, Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence to avoid the alleged incidents.  Plaintiff's resulting injuries and damages, if any, which Defendants deny, were proximately caused and contributed to by the negligence of Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Fraud)

66.     As a separate and distinct affirmative defense to Plaintiff's Complaint, and each and every cause of action therein, is barred by the fraudulent conduct of Plaintiff, including but not limited to, Plaintiff's misrepresentations of fact, with knowledge of said misrepresentation or reckless disregard for the same with the intent to defraud Defendants and/or induce Defendants to enter into said agreements and said misrepresentations were reasonably relied on by Defendants to their detriment.  Based upon said conduct, Plaintiff is estopped to seek the relief demanded in the Complaint or any relief whatsoever against Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Void/Voidable Contract)

67.     As a separate and distinct affirmative defense to Plaintiff's Complaint, and each

12

ANSWER OF DEFENDANTS, TERRY GONSALVES, BARBARA G. MEDICO, BENNIE M. GONSALVES
AND DELORES M. GONSALVES, TO PLAINTIFF'S COMPLAINT AND COUNTER CLAIM

1  and every cause of action therein, Defendants allege the Forward Class 4a Contract is void as it

2  was not signed by the Contracting Representative.

3  ## TWENTIETH AFFIRMATIVE DEFENSE

4  ### (Breach of Fiduciary Duties)

5      68.    As a separate and distinct affirmative defense to Plaintiff's Complaint, and each

6

7  and every cause of action therein, Defendants allege the same are barred based upon Plaintiff's

8  breach of its fiduciary duties with respect to the subject Forward Class 4a Contract between the

9  parties, as alleged in Plaintiff's Complaint.

10  ## TWENTY-FIRST AFFIRMATIVE DEFENSE

11  ### (Unconscionability)

12

13      69.    As a separate and distinct affirmative defense to Plaintiff's Complaint, and each and

14  every cause of action or count therein, Defendants allege the contract alleged in the Complaint is

15  unenforceable or construction and application of the contract should be limited to avoid an

16  unconscionable result, because it was unconscionable at the time the contract was made in that

17  Land O'Lakes failed to disclose certain information to Dairy, and further contrary to its prior

18  practices and misrepresentations induced Dairy into signing the contract and offer significantly

19  more milk than they sought to contract for.

20

21  ## TWENTY-SECOND AFFIRMATIVE DEFENSE

22  ### (Unknown)

23      70.    Defendants presently have insufficient knowledge or information upon which to

24  form a belief as to whether they may have additional, as yet unstated, affirmative defenses

25  available.  Defendants reserve their right to assert additional affirmative defenses in the event

26  discovery indicates they would be appropriate.

27

28

13

**ANSWER OF DEFENDANTS, TERRY GONSALVES, BARBARA G. MEDICO, BENNIE M. GONSALVES AND DELORES M. GONSALVES, TO PLAINTIFF'S COMPLAINT AND COUNTER CLAIM**

WHEREFORE, these answering Defendants pray for judgment as follows:

1.     That Plaintiff take nothing by virtue of the complaint filed therein and that any temporary or permanent restraining orders be denied;

2.     That judgment be rendered in favor of these answering Defendants;

3.     For costs of suit incurred herein.

4.     For attorneys fees;

5.     For such other relief as the court deems just and proper.

DATED: February ___, 2012                    KAHN, SOARES & CONWAY, LLP

By: _____
Rissa A. Stuart, Attorneys for Defendants,
Terry Gonsalves, Barbara Medico,
Bennie M. Gonsalves, and Delores M.
Gonsalves

## COUNTER CLAIM

Counter Claimants, Terry Gonsalves, Barbara G. Medico, Bennie M. Gonsalves and Dolores M. Gonsalves (also collectively referred to herein as the "Dairy") declare as follows:

## FACTS COMMON TO ALL COUNTS

1.     Counter Claimants are informed and believe and thereon allege, Counter Defendant, Land O'Lakes, Inc. ("**Land O'Lakes**") is a Minnesota non-profit cooperative.  Further, Land O'Lakes owns and operates a dairy production facility in Tulare, California.

2.     Counter Claimants Bennie M. Gonsalves and Dolores M. Gonsalves, individually and doing business as The Bennie Gonsalves Dairy own and operate a dairy facility in Laton, County of Fresno, California.  The Bennie Gonsalves Dairy is and has been a member of Land O'Lakes since prior to 2006.  Terry Gonsalves and Barbara Medico are the adult children of Bennie

14

and Delores Gonsalves and were responsible for management and operation of the Dairy at the times alleged herein.

3.      The dairy industry was hard hit in 2009 by unprecedented conditions, including high grain costs and low milk prices.  During this year, dairymen in California, including Counter Claimants, were losing money daily on dairy operations based on these and other conditions.  To minimize these risks Land O'Lakes encouraged its members, including Counter Claimants, to lock in milk prices through forward contracts.

4.      In or about November, 2010, Land O'Lakes through its employees and/or agents presented the Forward Class 4a Contract (hereinafter the "**Contract**") for butter to the Dairy.  Land O'Lakes and/or its agents and/or employee specifically represented to Dairy and Terry Gonsalves, when promoting the Contract "[r]emember when you make your offer, you never get what you want.  You have to request more in your offer than you want."  Land O'Lakes clearly told Dairy to request more pounds than desired as they would only receive a portion of the amount offered.

5.      Historically, when Dairy entered into Forward Contracts for cheese or milk with Land O'Lakes, the average amount of milk accepted by Land O'Lakes was 22.45% of the amount offered by Dairy, with the Dairy receiving a range of 20% to 30% of the amount offered by the Dairy, over the past four to five years.

6.      Based upon the representations of Land O'Lakes' agents and/or employees and the historical conduct of Land O'Lakes, Dairy anticipated that the Forward Class 4a Contract for butter would be fulfilled by Land O'Lakes somewhere in the range of 20-30% of the amount offered or requested by Dairy.

7.      Based upon the foregoing, Dairy executed the 4a Contract offer for 1.5 million pounds of milk at a Class 4a price of $15.17 CWT, expecting only to receive 20-30% of the amount

15

1   offered at the contract price.

2        8.     For the first time ever with respect to Dairy, Land O'Lakes fulfilled one hundred

3   percent (100%) of the Dairy's contract offer and one hundred percent of the offers of all other Land

4   O'Lakes members, contrary to Land O'Lakes representations and/or past history or practice.

5        9.     Soon after the Contract was executed, milk prices rose to almost $21.00 CWT.

6        10.    Dairy is informed and believes and thereon alleges that in November or December

7   2010, Land O'Lakes and/or its directors knew that butter was short and that milk prices were rising.

8   Land O'Lakes did not disclose these facts to Counter Claimants as related to the Contract and

9   Counter Claimants were unaware of these facts at the time the Contract was signed.

10       11.    Counter Claimants are informed and believe that Land O'Lakes fulfilled one

11  hundred percent (100%) of the milk offered by its members as related to the Forward Class 4a

12  Contract, solely to Land O'Lakes' advantage, without full disclosure to its members of the shortage

13  of butter and increasing milk prices.  This conduct by Land O'Lakes in accepting one hundred

14  percent of the amount offered by its members was contrary to its customary practices and the

15  representations of Land O'Lakes' agents or employees at the time of the Contract negotiations.

16       12.    As a result of Land O'Lakes' wrongful conduct, Dairy lost a significant sum of

17  money over the course of the Contract.

18  

**COUNT I**
**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

19       Counter Claimants restate all of the foregoing paragraphs of this Counter Claim, including

20  paragraphs 1 through 12, as though the same were fully set forth herein and further state and allege

21  as follows:

22       13.    The parties hereto signed the June 1, 2009 Milk Marketing Agreement and the

**ANSWER OF DEFENDANTS, TERRY GONSALVES, BARBARA G. MEDICO, BENNIE M. GONSALVES AND DELORES M. GONSALVES, TO PLAINTIFF'S COMPLAINT AND COUNTER CLAIM**

Forward Milk Contracting Program Master Participation Agreement, which were attached to Plaintiff's Complaint herein.

14.     A covenant of good faith and fair dealing is implied in every contract, including the contracts alleged herein.

15.     Land O'Lakes encouraged and induced Counter Claimants to enter into the Forward Class 4a Contract in 2010 without disclosing to them that butter was short and/or the likelihood that milk prices were increasing or likely to increase in the very near future. Counter Claimants are informed and believe and thereon allege that Land O'Lakes knew or should have known that butter was short and that milk prices were increasing or likely to increase in January 2011. Further, Land O'Lakes encouraged Dairy to offer more pounds of milk than they actually wanted to contract for in the offer, while knowing Land O'Lakes intended to accept all pounds offered at the price of $15.17 CWT.

16.     Dairy offered 1.5 million pounds of milk per month at the Class 4a price of $15.17 CWT, with the understanding from Land O'Lakes that it would receive significantly less than it asked for. Land O'Lakes then accepted Dairy's offer of 1.5 million pounds, contrary to its historical practices and the representations of its agents and/or employees as related to the Contract.

17.     As a direct result of the conduct alleged herein, Land O'Lakes engaged in dishonest conduct and unlawfully induced Counter Claimants to enter into the Contract, and by doing so breached the covenant of good faith and fair dealing implied in the agreements entered into by and between Land O'Lakes and Counter Claimants. Land O'Lakes' acts were the direct cause of detriment to Counter Claimants, and directly resulted in significant damages and loss of milk proceeds by the Counter Claimants.

18.     As a direct and proximate result of Land O'Lakes' breach, Counter Claimants have

17

sustained monetary damages in excess of this court's jurisdictional limits, in an amount according to proof at the time of trial, and certainly in excess of $500,000.00.

## COUNT II
## BREACH OF FIDUCIARY DUTIES

Counter Claimants restate all of the foregoing paragraphs of this counter-complaint, including paragraphs 1 through 18, as though the same were fully set forth herein and further state and allege as follows:

19.     A fiduciary obligation is owed by Land O'Lakes, a cooperative, to its members, including Counter Claimants, pursuant to the Milk Marketing Agreement and other agreements entered into by and between the Dairy and Land O'Lakes.

20.     Further, Counter Claimants are informed and believe and thereon allege, the directors of Land O'Lakes are charged with keeping members accurately informed about the cooperative – the members' own business – and furthering both the financial security of both the cooperative and its individual members, including Counter Claimants herein.

21.     Counter Claimants are informed and believe and thereon allege, Land O'Lakes and its directors, are required to act fairly, make necessary disclosures, and not misrepresent the facts in order to satisfy these fiduciary obligations when entering into forward contracts with members, including Counter Claimants.

22.     Counter Claimants are informed and believe and thereon alleges Land O'Lakes knew or should have known at the time the Contract was presented to Dairy that butter was short and that milk prices were increasing or likely to increase above the Contract price in the very near future.  Further, Dairy is informed and believes and thereon alleges that Land O'Lakes and/or its agents and/or employees failed to disclose to Dairy that, at the time of the Forward Class 4a

18

ANSWER OF DEFENDANTS, TERRY GONSALVES, BARBARA G. MEDICO, BENNIE M. GONSALVES AND DELORES M. GONSALVES, TO PLAINTIFF'S COMPLAINT AND COUNTER CLAIM

Contract offer, butter was short and/or that milk prices were increasing or likely to increase.

23.     Further, during the presentation and negotiation of the Contract, Land O'Lakes misrepresented the facts to Dairy when inducing them to submit an offer to the Forward Class 4a Contract, by stating, "Remember when you make your offer, you never get what you want.  You have to request more in your offer than you want." Counter Claimants understood that Land O'Lakes told them to offer more pounds of milk than they wanted to contract as they would only receive a portion of that offered.  Historically, Land O'Lakes accepted 20-30% of the amount of milk offered by Dairy as related to forward contracts.  As a result of these misrepresentations by Land O'Lakes and Land O'Lakes' historical practices, Dairy submitted an offer for 1.5 million pounds of milk per month at the Class 4A price, expecting to receive 20-30% as per Land O'Lakes representations and historical practices.

24.     As a direct and proximate result of Land O'Lakes' breach of duty of care to Counter Claimants and the breach of said duty by the directors of Land O'Lakes, Counter Claimants have suffered significant monetary damages in that they were induced to enter into the Contract for an amount of milk significantly greater than Land O'Lakes represented it would fulfill, at a price significantly lower than market price.

25.     As a direct and proximate result of Land O'Lakes' breach of duty of care, Counter Claimants have suffered monetary damages in an amount according to proof at the time of trial, and in excess of $500,000.00.

## COUNT III
## NEGLIGENT OR INTENTIONAL MISREPRESENTATION

Counter Claimants restate all of the foregoing paragraphs of the Counter Claim, including paragraphs 1 through 25, as though the same were fully set forth herein, and further state and allege

ANSWER OF DEFENDANTS, TERRY GONSALVES, BARBARA G. MEDICO, BENNIE M. GONSALVES AND DELORES M. GONSALVES, TO PLAINTIFF'S COMPLAINT AND COUNTER CLAIM

as follows:

26.     Land O'Lakes by and through its agents and/or employees induced Counter

Claimants to enter into the Contract, through misrepresentations including, but not limited to, a

Land O'Lakes' agent or employee specifically telling the Dairy to increase the amount of milk it

offered because, "You never get what you want. You have to request more in your offer." This

representation was consistent with Land O'Lakes' historical practices in that historically, when

Dairy entered into forward contracts with Land O'Lakes, the average amount accepted by Land

O'Lakes of the amount offered was typically 20-30%.

27.     At the time Land O'Lakes made these promises and representations to Counter

Claimants, Land O'Lakes knew or should have known it would accept the full amount of milk

offered, contrary to Land O'Lakes' representations.

28.     The promises or representations were made by Land O'Lakes with the intent to

induce Counter Claimants to enter into the Forward Class 4a Contract, offering a substantial

amount of milk at the price of $15.17 CWT, to the detriment of Counter Claimants and to the

benefit of Land O'Lakes.

29.     At the time the representations by Land O'Lakes were made, and at the time

Counter Claimants took the actions herein alleged, Counter Claimants were ignorant of Land

O'Lakes' secret intention not to perform as promised, i.e., to accept less than the amount offered,

and could not within the exercise of reasonable diligence have discovered Land O'Lakes' secret

intention. In reliance on Land O'Lakes' representations, Counter Claimants offered to contract 1.5

million pounds of milk per month at the price of $15.17 CWT, almost 75% of Dairy's monthly

milk production, with the expectation that Land O'Lakes would fulfill 20-30% of that amount at the

Class 4a price, as per Land O'Lakes representations. If Counter Claimants had known of Land

20

**ANSWER OF DEFENDANTS, TERRY GONSALVES, BARBARA G. MEDICO, BENNIE M. GONSALVES AND DELORES M. GONSALVES, TO PLAINTIFF'S COMPLAINT AND COUNTER CLAIM**

1  O'Lakes' actual intentions, Counter Claimants would not have taken said action and would have

2  offered no more than 20-30% of their average monthly milk production for the Contract.

3      30.      As a direct and proximate result of Land O'Lakes' fraud and misrepresentation, and

4  the facts alleged herein, Counter Claimants were induced to, and did, enter into the Contract, which

5  resulted in Counter Claimants sustaining significant monetary damages, all in an amount according

6
7  to proof at the time of trial, and certainly in excess of $500,000.00.

8                                    **COUNT IV**
                     **CONCEALMENT AND SUPPRESSION OF FACT**

9
10  Counter Claimants restate all of the foregoing paragraphs of the Counter Claim as though

11  the same were fully set forth herein, and further state and allege as follows:

12      31.      As alleged hereinabove, Land O'Lakes encouraged its members, including Counter

13  Claimants, to lock in milk prices through forward contracts.  In or about November 2010, Land

14  O'Lakes, through its employees and/or agents, presented the Forward Class 4a Contract for butter

15
16  to the Dairy.  Dairy is informed and believes and thereon alleges that Land O'Lakes and/or its

17  agents and/or employees failed to reveal and suppressed the fact that, at the time of the presentation

18  and negotiation of the Contract, butter was short and/or that milk prices were increasing or likely to

19  increase, which facts were known to Land O'Lakes at all times mentioned herein.

20      32.      Further, during the presentation and negotiation of the Contract, Land O'Lakes

21
22  and/or its agents and/or employees represented to Dairy, "Remember when you make your offer,

23  you never get what you want.  You have to request more in your offer than you want."  Land

24  O'Lakes failed to reveal and suppressed the fact that Land O'Lakes intended to accept all pounds of

25  milk offered by the Dairy at the price of $15.17 CWT, which fact was known to Land O'Lakes at

26  all times mentioned herein.

27
28                                      21

---

**ANSWER OF DEFENDANTS, TERRY GONSALVES, BARBARA G. MEDICO, BENNIE M. GONSALVES
AND DELORES M. GONSALVES, TO PLAINTIFF'S COMPLAINT AND COUNTER CLAIM**

33.     The concealment and suppression of the foregoing facts was likely to mislead the Counter Claimants and did in fact mislead the Counter Claimants. The representations and failures to disclose information and suppressions of information herein alleged to have been made by Land O'Lakes, were made with the intent to induce Counter Claimants to act in the manner herein alleged in reliance thereon.

34.     Counter Claimants, at the time these failures to disclose and suppressions of facts occurred, and at the time Counter Claimants took the actions herein alleged, were ignorant of the existence of the facts that Land O'Lakes suppressed and failed to disclose. If Counter Claimants had been aware of the existence of the facts not disclosed by Land O'Lakes, Counter Claimants would not have, as they did, submitted an offer, and entered into a contract, for 1.5 million pounds of milk per month at the Class 4a price.

35.     As a direct and proximate result of Land O'Lakes' fraud and deceit, and the facts alleged herein, Counter Claimants were induced to, and did, enter into the Contract, which resulted in Counter Claimants sustaining significant monetary damages, all in an amount according to proof at the time of trial, and certainly in excess of $500,000.00.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Counter Claimants, Terry Gonsalves, Barbara G. Medico, Bennie M. Gonsalves and Delores M. Gonsalves, hereby demand a jury trial.

**WHEREFORE**, Counter Claimants respectfully pray for judgment as follows:

1.     An award of general and special damages to Counter Claimants from Land O'Lakes in an amount according to proof at the time of trial;

2.     For attorneys' fees and costs and disbursements as authorized by law;

22

**ANSWER OF DEFENDANTS, TERRY GONSALVES, BARBARA G. MEDICO, BENNIE M. GONSALVES AND DELORES M. GONSALVES, TO PLAINTIFF'S COMPLAINT AND COUNTER CLAIM**

1    3.    For prejudgment interest; and

2    4.    For all such other and further relief as the court deems just and proper.

3

4    DATED: February ___, 2012                KAHN, SOARES & CONWAY, LLP

5

6                                             By: _____
                                                 Rissa A. Stuart, Attorneys for Defendants/
7                                                Counter Claimants, Terry Gonsalves, Barbara G.
                                                 Medico, Bennie M. Gonsalves and Delores M.
8                                                Gonsalves

9

10

11

12   F:\WORD\5\5711.20\Answer.doc

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANTS, TERRY GONSALVES, BARBARA G. MEDICO, BENNIE M. GONSALVES
AND DELORES M. GONSALVES, TO PLAINTIFF'S COMPLAINT AND COUNTER CLAIM